## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**SHERRY McDANIEL,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-1467-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT 28 U.S.C. § 2412(d) (Doc. No. 26)**
>
> **FILED:** June 12, 2007
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff's Motion for an award of fees follows the issuance of an Order and Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case for an award of benefits pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. Nos. 21 and 22). The Commissioner filed a Motion to Alter the Judgment (Doc. No. 23), which the Court denied. Doc. No. 25. The Commissioner has filed a response to Plaintiff's Motion for Fees, opposing a portion of the fee request. Doc. No. 27. The Court ordered Plaintiff to file a reply, which she did on July 9, 2007. Doc. No. 29.

Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed; the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust.  28 U.S.C. § 2412(d)(1)(A).

Plaintiff's Motion seeks a total award of attorney's fees in the amount of **$6,764.67**[1], calculated at the rate of:  $165.03 per hour ($125.00 adjusted for cost of living increase of 32.75% (Consumer Price Index)) for 13.1 hours of work expended in 2007; $162.57 per hour ($125.00 adjusted for cost of living increase of 30.06%) for 23.4 hours of work expended in 2006; $157.68 per hour ($125.00 adjusted for cost of living increase of 26.14%) for 5 hours of work expended in 2005. *See Meyer v. Sullivan,* 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorney fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir.1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate); Doc. No. 26-4 (CPI table).

The Commissioner's sole opposition to the Motion for Fees was a challenge to the reasonableness of the hours claimed, which the Commissioner argued were excessive for a "routine brief" and should be reduced to 25.7 hours from the 37.2 hours sought in the Motion.  Doc. No. 27. In her Reply, Plaintiff points out that the record in the case, 742 pages, was double the average length of the record in most cases, which is usually 200 to 400 pages.  The Court agrees.  Plaintiff also rightfully points out that the case required additional time not required in other "routine" cases because, in this case, the Commissioner filed a highly unusual Motion to Alter Judgment, requiring

---

[1] Plaintiff sought $6,052.72 in the original Motion for Fees plus $711.95 for preparation of the supplemental reply. Doc. No. 26, 29.

Plaintiff's counsel to spend six hours preparing a response.  The Court finds this amount of time appropriate, noting that some time is appropriately spent getting re-acquainted with relevant portions of the record.  As to the only other category of time the Commissioner challenges – the 1.0 hour to review the Commissioner's Answer and 1.5 hours preparing the Complaint and accompanying documents – the Court finds these amounts to be reasonable based on Plaintiff's counsel's further explanations of the work involved and comparison to other cases wherein the exact same amount of time was unopposed by the Commissioner.

Accordingly, the Court finds that these sums are reasonable and an award is appropriate under the EAJA.  It is therefore **ORDERED** that the motion is **GRANTED** and judgment be entered in the amount of **$6,764.67** for attorney's fees.

**DONE** and **ORDERED** in Orlando, Florida on July 18, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record